# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer  RRP | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5273 | **DATE** | 9/24/2010 |
| **CASE TITLE** | Raymond E. Powers, III vs. Schawk USA, Inc. | | |

**DOCKET ENTRY TEXT**

Written Opinion. Plaintiff Raymond Powers seeks an award of attorneys' fees he spent seeking remand to state court of a case he believes was improperly removed. Under the rule announced in *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007), an award of fees is appropriate only where "clearly established law demonstrated that [Defendant] had no basis for removal." That is not this case. Plaintiff's motion for an award of attorneys' fees [21] is denied. (For further detail see minute order.)

■[ For further details see text below.]                                Notices mailed by Judicial staff.

## STATEMENT

     Plaintiff Raymond Powers seeks an award of attorneys' fees he spent seeking remand to state court of a case he believes was improperly removed.

     Powers brought this action for certain "continuation benefits" he claims he is owed under an agreement he signed with the predecessor to his employer, Defendant Schawk USA, Inc. Defendant believes that Powers's agreement, and those signed by other "key employees," together constitute an "employee welfare benefit plan" under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(1). A claim for severance benefits that requires interpretation of an ERISA plan is completely preempted by that legislation, *see Bowles v. Quantum Chemical Co.*, 266 f.3d 622, 631 (7th Cir. 2001), so Defendant Schawk removed Powers's complaint to this court.

     Plaintiff objected to the removal and promptly sought remand. Plaintiff argued that the employment agreement he signed did not create the kind of "ongoing administrative scheme" that both parties agree is the hallmark of an ERISA benefit plan. *See Fort Halifax Packing Co. V. Coyne*, 482, U.S. 1, 11 (1987). Plaintiff pointed out that his agreement, and the one other such agreement presented by Defendant to the court, directed that payment be made within 30 days of May 31, 2005. Such a one-time payment in a defined time frame, Plaintiff asserted, is not the product of an "administrative scheme" and does not impose a requirement of "financial coordination and control." Nor would payment of the requested benefits generate administrative burdens or require the exercise of discretion.

     The court ultimately agreed with Plaintiff on this issue, but acknowledged that the case was a close one. As Defendant urges, though Defendant presented only one additional agreement to the court, it is undisputed that Schawk's predecessor entered into several similar agreements. Defendant emphasized its understanding that determining whether payments were due required assessment of whether departing employees' responsibilities or status had been diminished and whether the change(s) were supported by good cause–classic examples of discretionary decisionmaking.

     For reasons explained in court, this court concluded the agreement at issue in this case did not

| STATEMENT |
|---|

establish an administrative scheme of the type contemplated by ERISA and remanded the case to the Circuit Court of Cook County. Until relatively recently, that determination would have generated a presumptive right in Plaintiff to recovery attorneys' fees incurred in fighting removal. In 2005, however, the Supreme Court resolved a circuit split on this question and held that the district court should award fees pursuant to § 1447(c) "only where the removing party lacked an 'objectively reasonable basis' for seeking removal." *Wolf v. Kennelly*, 574 F.3d 406, 411 (7th Cir. 2009), quoting from *Martin v. Franklin Capital*, 546 U.S. 132, 141 (2005). The Supreme Court noted that making a fee award automatic in any case where the court orders remand would discourage defendants from removing cases in "all but the obvious cases." *Martin*, 546 U.S. at 140.

*Martin* teaches that the district court should exercise its own discretion in a case such as this one, where it orders remand of a case as improperly removed. The court is satisfied that, although it reached the correct decision on the remand motion, this was not an "obvious case." To decide it, the court was called upon to review the language of Plaintiff's employment agreement carefully and consider the parties' arguments about the circumstances in which Plaintiff's right (and that of other "key employees") to payments under that agreement were triggered.

Under the rule announced in *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007), an award of fees is appropriate only where "clearly established law demonstrated that [Defendant] had no basis for removal." That is not this case. Plaintiff's motion for an award of attorneys' fees [21] is denied.

*[signature]*